

**United States Department of Justice**

*William J. Powell*
*United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

November 12, 2018

<u>VIA ELECTRONIC MAIL ONLY</u>
Brian J. Kornbrath, Esq.
Federal Public Defender
for the Northern District of West Virginia
230 W. Pike Street, Suite 360
Clarksburg, WV 26301
brian_kornbrath@fd.org

*FILED*
*DEC 1 8 2018*
*U.S. DISTRICT COURT*
*ELKINS WV 26241*

In re:   *United States v. Trenton Farnsworth*
Case Number 2:18CR 28

Dear Mr. Kornbrath:

I write this letter to offer your client, Trenton Farnsworth, (hereinafter referred to as "Defendant") a plea to resolve matters referred to the United States Attorney's Office for the Northern District of West Virginia, said matters occurring on April 22, 2018, in Barbour County, West Virginia, and May 6, 2018, in Lewis County, West Virginia. All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1.    Defendant will waive his right to have the matters presented to a federal grand jury and plead guilty to a one count Information, charging him with Possession with the Intent to Distribute 5 grams or more of Methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

_____
Trenton Farnsworth
Defendant

_____
Brian J. Kornbrath, Esq.
Counsel for Defendant

*Nov. 29, 2018*
Date

*Nov. 29, 2018*
Date

Page 1 of 7

2.      The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above is a term of imprisonment of not less than five (5) years and not more than forty (40) years, a fine of not more than $5,000,000.00, and a term of four (4) years supervised release.

3.      It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction **which must be paid within 40 days following entry of his plea** by money order or certified check to the United States District Court.  It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

4.      Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

5.      A.      Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 4, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

        B.      This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

        C.      In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 4 above.


_____          Nov. 29, 2018
Trenton Farnsworth                       _____
Defendant                                Date

_____          Nov. 29, 2018
Brian J. Kornbrath, Esq.                 _____
Counsel for Defendant                    Date


Page 2 of 7

6.    At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

5.    In exchange for this plea of guilty, the United States agrees not to pursue other charges related to Defendant's conduct occurring on April 22, 2018, in Barbour County, West Virginia, and May 6, 2018, in Lewis County, West Virginia.

6.    There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This Agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw his guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

7.    The United States will make the following **nonbinding** recommendations:

   A.    If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

   B.    Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and** if he complies with all the requirements of this agreement, **and if the Defendant is eligible under the "Guidelines,"** then United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before November ~~27~~ 29, 2018, and returns an executed copy to the United States by that day;

   C.    The United States will recommend that any sentence of incarceration imposed should be within the applicable guideline range.

8.    If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any

_____
Trenton Farnsworth
Defendant

_____
Brian J. Kornbrath, Esq.
Counsel for Defendant

Nov. 29, 2018
Date

Nov. 29, 2018
Date

other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw his plea.

9.      Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree as follows:

      A.      that Defendant's total drug relevant conduct is at least 100 grams but less than 150 grams of methamphetamine, otherwise known as "Ice" or "Crystal; and

      B.      that Defendant possessed firearms in relation to relevant drug activity, and a 2 level increase is appropriate under Guideline Section 2D1.1(b)(1).

The parties understand that pursuant to Guideline Section 6B1.4(d), the Court is not bound by the above stipulations and is not required to accept same. Defendant understands and agrees that should the Court not accept the above stipulations, Defendant will not have the right to withdraw his plea of guilty.

10.     Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

      A.      Defendant knowingly waives all rights, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

      B.      The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

_____
Trenton Farnsworth
Defendant

_____
Brian J. Kornbrath, Esq.
Counsel for Defendant

_____
Nov. 29, 2018
Date

_____
Nov. 29, 2018
Date

Page 4 of 7

C.      To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

11.     The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offenses charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

12.     Defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, Defendant agrees to provide all requested financial information to the United States and the United States Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the United States Attorney's Office. Defendant also authorizes the Financial Litigation Unit in the United States Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Defendant agrees to complete a financial statement, under

_____                        Nov. 29, 2018
Trenton Farnsworth                               Date
Defendant

_____                        Nov. 29, 2018
Brian J. Kornbrath, Esq.                         Date
Counsel for Defendant

penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the United States Attorney's Office. Defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If Defendant is sentenced to a period of incarceration, Defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, Defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of Defendant's payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, Defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. Defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

13.     Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 21 of the United States Code for the offenses of conviction.

14.     If Defendant's plea is not accepted by the Court or are later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

15.     Defendant understands that the forfeiture of property will be part of the sentence imposed in this case and stipulates to the existence of the requisite forfeiture nexus between the offense conduct underlying this Agreement and the following specified property, which are proceeds of the offense conduct underlying this agreement, property that facilitated the offense conduct underlying this Agreement, or property used in a knowing violation of the offense conduct underlying this Agreement: United States currency in the amount of $5,997.00.


_____          Nov. 29, 2018
Trenton Farnsworth                       _____
Defendant                                Date

_____          Nov. 29, 2018
Brian J. Kornbrath, Esq.                 _____
Counsel for Defendant                    Date

16.     Defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this agreement, Defendant hereby withdraws any claim he may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. Defendant also agrees to consent to the entry of orders of forfeiture of the United States currency in the amount of $5,997.00. Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

17.     Defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant further waives any failure by the Court to advise Defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

18.     The above Seventeen (17) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

                              Very truly yours,

                              WILLIAM J. POWELL
                              United States Attorney

                  By:

                              Traci M. Cook
                              Assistant United States Attorney

As evidenced by my signature at the bottom of the Seven (7) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.


Trenton Farnsworth                          Nov. 29, 2018
Defendant                                   Date


Brian J. Kornbrath, Esq.                    Nov. 29, 2018
Counsel for Defendant                       Date

                                            Page 7 of 7